**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ROMEY R. HALEY, )
)
        Plaintiff, )
)
        v. )    Civil Action No.
)
LESTER HALEY, SR., *et al.*, )
)
        Defendants. )

**FILED**

**AUG 2 1 2008**

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

**TRANSFER ORDER**

This matter comes before the Court on review of plaintiff's *pro se* complaint. The Court will transfer this case to the United States District Court for the District of South Carolina.

Plaintiff's claims arise from events arising from his 2002 arrest in South Carolina on charges of criminal sexual contact with a minor. Generally, plaintiff alleges that family members, the arresting officers, the presiding judge, federal prosecutors and others deprived plaintiff of rights protected under the Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution. He demands compensatory and punitive damages of $300,000,000.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

1

*SEC v. Page Airways*, 464 F. Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).

Plaintiff describes events occurring in Manning, South Carolina. Defendants and potential witnesses in this case would likely be in South Carolina. The District of Columbia has no apparent connection to this case aside from being the capital of the United States. *See Boers*, 133 F. Supp.2 d at 66. Therefore, in the interests of justice, this action will be transferred. A ruling on plaintiff's motion to proceed *in forma pauperis* is left for the transferee court to decide.

Accordingly, it is hereby

ORDERED that that the case be TRANSFERRED to the United States District Court for the District of South Carolina.

SO ORDERED.

United States District Judge

Date: 18 August 2008